J-S35039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK LEONARD MORRO | : | |
| | : | |
| Appellant | : | No. 444 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 24, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005314-2018

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:        **FILED: DECEMBER 10, 2021**

Mark Leonard Morro (Morro) appeals the judgment of sentence entered by the Court of Common Pleas of Dauphin County (trial court).  In 2021, Morro entered an open guilty plea as to one count of persons not to possess a firearm (felony-one).[1]  The trial court sentenced him to a prison term of 9 to 20 years as to that count.  Although the trial court imposed a below-guidelines sentence without providing any reasons for departure, Morro argues that his sentence should be overturned on the ground that it is manifestly excessive.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Morro also entered a guilty plea as to a summary traffic offense that is not at issue in this appeal.

**I.**

In 2018, Morro was pulled over by police for riding his motorcycle over the speed limit. During the stop, Morro initially misidentified himself before admitting his identity and the fact that he was carrying a loaded pistol on his person. Police discovered that Morro had been prohibited from carrying such firearms due to prior convictions for violent crimes. Further, Morro was found to be in possession of controlled substances and drug paraphernalia. It was suspected that Morro was under the influence of drugs or alcohol at the time of the stop.

Morro was charged with (1) possession of firearm prohibited, second-degree felony; (2) carrying a firearm without a license; (3) manufacture, delivery, or possession with intent to manufacture or deliver; (4) intentional possession of a controlled substance by a person not registered; (5) use/possession of drug paraphernalia; (6) DUI: controlled substance-impaired ability, 1st offense; (7) false identification to law enforcement officers; (8) driving while operating privilege suspended or revoked; and (9) exceeding 55 mph speed limit by over 10 mph.

The case was pending for almost three years when on February 18, 2021, the Commonwealth moved to amend the charging document. A few days later, Morro's counsel petitioned to withdraw from the case. The trial court granted the Commonwealth's motion to amend the charges and pursuant to this amendment, the first count (possession of firearm by

prohibited person, second-degree) was increased to a felony of the first degree (18 Pa.C.S. § 6105(a)(1)), and all other counts except for the summary speeding offense were withdrawn.[2]  Counsel's motion to withdraw was denied.

On the eve of the scheduled jury trial, Morro informed the trial court that he intended to enter a guilty plea on the two remaining counts.  At the plea and sentencing hearing held on February 24, 2021, Morro stated that he understood that he would be entering a plea of guilty as to the weapon possession count, graded as a first-degree felony, though he disagreed with the reclassification.  He ultimately entered a guilty plea on the record and completed a written guilty plea colloquy form.  *See* Plea and Sentencing Transcript, 2/24/2021.

Morro was sentenced as outlined above.  When imposing sentencing, the trial court acknowledged that there were no aggravating circumstances. *See id*. at p. 12.  However, the trial court noted to Morro that he had "the highest prior record score you could have," *id*., and that the "fact situation is not mitigated" so as to justify a downward departure sentence.  *Id*. at p. 32.

Relatedly, the trial court discussed the extent of its discretion under the applicable sentencing guidelines.  The trial court explained that "the standard

---

[2] Defense counsel demanded that the summary offense remain so that it would provide context in the record for Morro's suppression motion, which is not at issue in this appeal.  *See* Motion Hearing Transcript, 2/23/2012, at pp. 7-8.

[REVOC] range is . . . 10 to 20 [years]." *Id*. at p. 31. However, to avoid having to give "a rational reason to deviate" from that standard range, the trial court consulted the guidelines for "[RFEL] as opposed to [REVOC], and looking at the flexibility that will be there." *Id*. at p. 32.[3] Morro then received a prison term of 9 to 20 years on the weapon possession count, with no further penalty as to the summary traffic offense. Taking in mind Morro's past struggles with substance abuse, the trial court emphasized that having a sentence on only one count would make it easier for him to receive priority for drug treatment programs during his incarceration.

On March 4, 2021, Morro filed a post-sentence motion raising two main grounds. He asserted that the trial court abused its discretion by failing to order a presentence investigation report or stating the reasons for dispensing with a presentence investigation. He also contended that the trial court had misapplied the sentencing guidelines, resulting in an excessive sentence under the circumstances.

_____

[3] "Repeat Violent Offender Category [REVOC]" is the Prior Record Score category set forth at 204 Pa.Code §303.4(a)(1). "Repeat Felony 1 and Felony 2 Offender Category [RFEL]" is the Prior Record Score category set forth at 204 Pa.Code §303.4(a)(2). Of the two categories, REVOC carries the higher offense gravity score, which is reflected by an elevated sentencing guidelines range. Morro's conviction for possession of a weapon by a person prohibited, felony-one, has an offense gravity score of 10. In combination with that score, Morro's prior convictions were severe enough to qualify him for sentencing under the REVOC guidelines, which recommended a range of 10 to 20 years.

The trial court held a hearing on the post-sentence motion on March 26, 2021. Defense counsel argued that at sentencing, the trial court was improperly "utilizing the RFEL guidelines." Hearing Transcript, 3/26/2021, at p. 4. The trial court disagreed with this characterization and stated that RFEL was used only "as a fiction in order to adjust what would otherwise be for all intents and purposes a mandatory 10 to 20" under the REVOC guidelines. *Id*. Additionally, the trial court asked for a proffer as to what material information a presentence report would have contained; when no such information was proffered, the trial court explained that a presentence report was never compiled because Morro's plea came on the eve of his trial, after the case had been pending for years, and a report had never been requested. *Id*. at pp. 6-10, 11-12. At the conclusion of the hearing, the trial court denied Morro's post-sentence motion.

Morro appealed, arguing that his sentence is excessive regardless of whether the RFEL or REVOC was applicable. *See* Appellant's Brief, at 18-22. The trial court submitted a 1925(a) opinion, reasoning that Morro waived his excessive sentencing claim because he did not object on that ground at sentencing or in his post-sentence motion. Moreover, the trial court found that no relief would be due even if Morro had successfully raised the present appellate issues because they do not raise a substantial question. As to whether the correct sentencing guidelines were applied, the trial court explained that even if it erred, the error could not have caused Morro any

prejudice because he ultimately received a more lenient sentence than he was legally entitled to. **See** Trial Court Opinion, 5/24/2021, at 7-9.

## II.

Sentencing is a matter vested within the discretion of the trial court. **See Commonwealth v. Antidormi**, 84 A.3d 736,749 (Pa. Super. 2014). The merits of a sentencing claim on appeal may only be considered if the trial court abused its discretion and if the claim raises a substantial question. **See id**. at 759. A substantial question is raised when an appellant "advances a colorable argument that the sentencing judge's action were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Moury**, 992 A.2d 162, 171–72 (Pa. Super. 2010).

An appellant seeking to raise a substantial question must satisfy a four-part test:

> (1) Whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825,

828 (Pa. Super. 2007). A bare allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. **Commonwealth v. McNabb**, 819 A.2d 54, 57 (Pa. Super. 2003). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **See Evans**, 901 A.2d at 533-34.

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002). "[T]he court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id**. Further, where a sentence is within the standard range of the guidelines, it may only be vacated if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c).

Here, Morro contends that the trial court imposed an excessive sentence, failed to consider mitigating factors and applied the incorrect statutory sentencing guidelines. He has filed a timely notice of appeal, and his appellate brief includes a statement that conforms to Pa.R.A.P. 2119. Moreover, Morro has adequately preserved a claim that the trial court incorrectly applied the statutory guidelines ranges when imposing sentence, and this issue presents a substantial question that may be considered on appeal. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super.

2015) (*en banc*) ("This Court has . . . held that an excessive sentence claim—in conjunction with an assertion that the [trial] court failed to consider mitigating factors—raises a substantial question.").

Proceeding to the merits of Morro's claims, we find that no relief is due. The record shows that the trial court did, in fact, consider all required mitigating factors when imposing the sentence, including "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and on the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The trial court specifically emphasized Morro's admitted need for substance abuse treatment when determining the length of incarceration, as well as Morro's overall personal history and perceived recalcitrance in his dealings with the court.

Although the trial court referred both to REVOC and RFEL when imposing sentence, REVOC was the applicable prior record score category, and Morro ultimately received a term that would have been *under* the REVOC guidelines range.[4] If we granted a resentencing as Morro requests, he would run the risk

_____

[4] It is undisputed that Morro's prior convictions qualified him for sentencing under REVOC guidelines ranges. His current conviction for possession of a firearm by a person not to possess, graded as a first-degree felony under 18 Pa.C.S. § 6105(a)(1), carried an offense gravity score of 10. **See** 204 Pa.Code § 303.15. Morro had a prior record score of 11 based on his previous felony convictions. **See id**. at § 303.5. This criminal history qualified Morro for sentencing under REVOC, and the guidelines range in that framework was 10 to 20 years; Morro's sentence of 9 to 20 years fell below that range. **See** 42 Pa.C.S. § 9781(c).

of having his minimum sentence increased from 9 years to 10 years because the record contains no facts which would have justified a downward departure sentence under REVOC. Moreover, the Commonwealth has not asked us to correct the trial court's improper downward departure, and the sentence was not rendered illegal by that error such that we must remedy it *sua sponte*.[5] ***See Commonwealth v. Krum***, 533 A.2d 134, 134 (Pa. Super. 1987) ("If a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived[.] This is not the law."); ***see also*** Pa.R.Crim.P. 721 (setting forth procedure for Commonwealth sentencing appeals and challenges to sentence).

Accordingly, because Morro's sentence was not manifestly excessive or clearly unreasonable, it must be upheld.

---

[5] A first-degree felony is punishable by up to 20 years. ***See*** 18 Pa.C.S. § 1103(1). Morro's sentence of 9 to 20 years was, therefore, legal, and this Court has no authority to correct the trial court's abuse of discretion in misapplying the statutory sentencing guidelines. ***See generally Commonwealth v. Randal***, 837 A.2d 1211, 1214 (Pa. Super. 2003) (explaining that a sentence is illegal and reviewable *sua sponte* if imposed by the trial court without statutory authorization). An improper departure from the statutory guidelines is an abuse of discretion that does not necessarily render a sentence illegal. ***See e.g., Commonwealth v. Walls***, 926 A.2d 957, 962 (Pa. 2007) (explaining that sentencing guidelines are one component factored into trial court's sentencing authority, which is reviewed under an abuse of discretion standard); ***Krum***, 533 A.2d at 134 (same).

Judgment of sentence affirmed.

Judge Kunselman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021